**IN THE UNITED STATES  DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **GERALDINE DESGRAVIERS,** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil No. SAG-20-0620 |
| | * | |
| **PF-FREDERICK, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**MEMORANDUM OPINION**

Geraldine Desgraviers ("Plaintiff"), who is self-represented, filed a Complaint on March 6, 2020 against PF-Frederick, LLC[1] ("Planet Fitness").  ECF 1.  Planet Fitness has filed a Motion to Dismiss for Failure to State a Claim, ECF 28.  Plaintiff filed an opposition, ECF 29, and Planet Fitness filed a reply.  ECF 30.

This Court has carefully reviewed all of the filings in this case, and no hearing is necessary to resolve the pending motion.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, Planet Fitness's motion will be granted.

## I.      Factual and Procedural Background

The factual allegations in the Complaint are sparse, but are assumed as true for purposes of this motion.  Plaintiff has been a member of Planet Fitness since November 28, 2014.  ECF 1 at 6.  On June 9, 2019, Plaintiff, who is African-American, entered the gym and waited to sign in. ECF 1-1.  The female associate at the front desk, who was also African-American, was attending

---

[1] The Complaint originally  named another corporate entity, but was amended to name this Defendant.

to prospective customers, and asked Plaintiff to wait. *Id.* The associate proceeded to sign Plaintiff in "as other white members began to enter the gym," because, Plaintiff believed, "she did not want to inconvenience these members." *Id.* As Plaintiff went to use the hydro machine, the same female associate approached and said to a male associate, "Wait, you cannot give her that hydro machine, I have someone waiting to use that machine." *Id.*

On June 14, 2019, Plaintiff complained to the management of Planet Fitness-Frederick, alleging that those incidents constituted racial discrimination.[2]  ECF 1 at 6.  As a result, Planet Fitness suspended Plaintiff's gym membership, which has resulted in harm to her health. *Id.*

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of

---

[2] While Plaintiff's Complaint alleges that she made her customer service complaint on June 14, the attachments seem to suggest she complained in writing on June 9 and June 11. *See* ECF 1, ECF 1-1.

the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567

(4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943  (2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  "However, liberal construction does not absolve Plaintiff from pleading a plausible claim."  *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also MD v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-

represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies ... if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*). A defense based on the statute of limitations therefore may be considered by a motion to dismiss, if facts sufficient to rule are contained within the Complaint's allegations. *Id.*

### III. Analysis

Because Plaintiff and the defendant she sued are both Maryland residents, the only plausible basis for jurisdiction is federal question jurisdiction. *See* 28 U.S.C. § 1331 (providing jurisdiction for those cases which "arise under" federal law). Plaintiff asserts claims pursuant to Title VI of the Civil Rights Act of 1964 and the First Amendment of the United States Constitution, but, for the reasons described below, does not state a plausible claim under either cause of action.

Section 601 of Title VI of the Civil Rights Act provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. While Plaintiff's Complaint arguably alleges retaliation for a complaint of discrimination, it does not allege that Planet Fitness received federal financial assistance. The cases Plaintiff cites in her opposition are readily distinguishable, either because they are Title VII employment cases, which do not require federal funding, or because they are Title VI cases filed against recipients of federal funding, such as a school system. *See* ECF 29 at 2. Because Plaintiff has not alleged facts to plausibly suggest that Planet Fitness received federal financial assistance, her Title VI claim must be dismissed without prejudice. *See, e.g.*, *Bowman v. Baltimore City Bd. of Sch. Comm'r*, 173 F. Supp. 3d 242, 247 (D. Md. 2016) ("Federal funding is deemed an element of the cause of action.").

Plaintiff's First Amendment claim is similarly flawed. "[T]he Free Speech Clause prohibits only *governmental* abridgment of speech . . . [it] does not prohibit *private* abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (emphasis in original). Planet Fitness is not a government entity, and Plaintiff has not alleged "such a 'close nexus between the state and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Plaintiff's allegations, taken as true, simply allege conduct by a private fitness facility and its employees, which, in the absence of state nexus, cannot constitute a First Amendment violation even if the conduct has abridged another citizen's speech.

Planet Fitness also contends, on its face correctly, that Plaintiff has not satisfied the statutory prerequisites for a claim pursuant to Title II of the Civil Rights Act, 42 U.S.C. 2000(a).

ECF 28-1 at 6-8.  However, Plaintiff has not asserted such a claim expressly in her Complaint, ECF 1 at 6, and in fact disclaims an intent to do so.  ECF 29 at 2 ("The Plaintiff is stating a **Title VI Retaliation** claim and a **First Amendment** claim . . .") (emphasis in original).

## IV.    CONCLUSION

For the reasons set forth above, Planet Fitness's Motion to Dismiss, ECF 28, is granted, and Plaintiff's claims are dismissed without prejudice.  An implementing Order follows.


Dated:    November 20, 2020                              _____/s/_____
                                                        Stephanie A. Gallagher
                                                        United States District Judge